## EARNEST ALLEN *v.* THE STATE.i

1. CONFESSIONS.— Unless freely made, without persuasion or compulsion, the confession of a defendant is not competent evidence against him; but the fact that the defendant, in making the confession, was actuated by the belief that he was suspected of the offense and was in danger of being prosecuted for it, does not make the confession a compulsory one,

2. THEFT — MITIGATION OF PENALTY BY VOLUNTARY RETURN OF THE STOLEN PROPERTY.— The return of stolen property may be " voluntary " within the meaning of article 738 of the Penal Code, notwithstanding it was superinduced by the fear of detection and punishment as well as the spirit of repentance and restitution. See the opinion for evidence *held* sufficient to show such a return.

APPEAL from the County Court of Williamson.   Tried below before the Hon. GEORGE W. GLASSCOCK, County Judge.

The indictment charged the appellant with the theft of five dollars, the property of Goodson Bryson, on December 9, 1881.   The jury found him guilty, and assessed his punishment at imprisonment for one hour in the county jail.   The material evidence appears in the opinion of this court.   Appellant was a boy about sixteen years of age.

*Makemson, Fisher & Price,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J.  The appellant was convicted of the theft of five dollars.  The record presents but two questions deemed by us necessary to be passed upon in order to a proper disposition of the case.  1st.  Were the confessions of the defendant admissible; and, 2.  Was the money voluntarily returned?

The following were the facts bearing upon these two questions: Mrs. Bessy Bryson, wife of the prosecutor, in response to the question "if the five dollars was returned to her," answered, "Yes, it was returned to me that evening by the defendant, Earnest Allen; he brought it to me and said, 'Here is your money, Mrs. Bryson; this is all I got.'" . . "The defendant was at my house about an hour before he brought the money back to me, and made a statement about it.  I did not threaten him to make him confess.  My little boy told him somebody had been in our house and robbed it; and defendant said, 'Is that so?' and I told him, 'yes,' and that we had evidence enough to find out who it was.  I also told him, unless it was stopped, we would have to send for Esquire Ward and have the matter investigated.  I did not threaten to have any one arrested, but said if the money was not brought back we would have to send for Ward and have the matter investigated.  The defendant then told me he took the money from the house, and he went off and after a while came back and handed me the five dollars, and said, 'Here is your money, this is all I got, Mrs. Bryson; don't tell ma, for I would not have her to know this for anything.'  I told him I would not tell his mother, or any one else, if I could help it, and unless compelled to do so; and I did not tell her until she asked the question direct.  The money had fresh dirt on it when he came back and handed it to me, as if it had been buried."

Were these confessions admissible?  Upon this subject the Code of Criminal Procedure, art. 749, provides that "the confession of a defendant may be used in evidence

against him, if it appear that the same was freely made, without compulsion or persuasion, under the rules hereinafter prescribed." " The confession must be freely made; " this, however, is modified by that which follows, viz.: " *without* compulsion or persuasion." Here, if there was no compulsion or persuasion, in express terms or circumstantially, we would conclude that the confession was freely made. There was no persuasion in this case, nor was the defendant threatened, directly or indirectly. It is true we may infer that Mrs. Bryson suspected some person, and threatened an examination into the matter, but that her remarks pointed to the defendant is an inference not supported by the evidence. That the defendant, having taken back the money, believed that he was the suspected party, we have no doubt; but, it will never do to hold that, when the defendant believes that he is suspected and is in great danger of a prosecution, his confession is the result of compulsion. There should be some relation or connection between the forces used and the result, that is, the confession. In this case there was nothing said or done tending to compel the defendant to the confession, save his own knowledge of guilt and his belief that he had been discovered. The confession was admissible.

2d. Did the defendant voluntarily return the property? It may be thought that the conclusion reached on the first question settles this. This, however, does not follow. Under art. 759, Penal Code, "If property taken under such circumstances as to constitute theft be voluntarily returned within a reasonable time, and before any prosecution is commenced therefor, the punishment shall be by fine not exceeding one thousand dollars."

The return must be before prosecution was commenced. This was the case. Was it voluntary? This is the question: If the return is caused by the fear that discovery has been made and a prosecution will be set on foot, would

it be voluntary ? Are the causes and motives inducing the return to govern ? If so, of what character or quality must these be ? Suppose fear of detection and punishment is the moving cause. Does it follow that the return is not voluntary ? Admitting that it does, suppose that repentance and a desire for reparation, together with fear of detection and punishment, all contribute the acting causes prompting the defendant to return the property; will he not be entitled to this generous provision of our Code ? This, we think, was precisely the position of defendant when he confessed that he took the money. The intention to return it was present; and, while it may be true that fear of punishment was a factor, taking all of the facts together and giving them a close examination, we believe the conclusion will be reached that there were other motives, besides fear of punishment, prompting defendant to restore the property.

The punishment assessed was imprisonment in the county jail. This punishment was not supported by the evidence, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*